UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD HARRIS, IMOGENE ANDERSON,<br><br>           Plaintiffs,<br><br>      vs.<br><br>JPMORGAN CHASE BANK, N.A.; and DOES 1 through 30, inclusive,<br><br>           Defendants. | Case No. 1:25-cv-00652-JLT-HBK<br><br>ORDER GRANTING STIPULATED MOTION FOR LEAVE TO EXTEND TIME TO RESPOND TO COMPLAINT AND FILE AMENDED COMPLAINT<br><br>(Doc. No. 7) |

Defendant JPMorgan Chase Bank, N.A. ("Chase") removed this action to this Court on May 30, 2025. (Doc. No. 1). Plaintiffs Leonard Harris and Imogene Anderson ("Plaintiffs") and Chase agreed to a 27-day extension, or until July 3, 2025, for Chase to respond to the Complaint. (Doc. No. 6). On June 27, 2025, the Parties filed a Stipulation For Leave To Extend Time To Respond To Complaint And File Amended Complaint. (Doc. No. 7). Therein, the Parties request that Plaintiffs be allowed to file a First Amended Complaint no later than August 4, 2025, and that Chase need respond to the original Complaint.

Rule 15 governs amended complaints and supplemental pleadings. Fed. R. Civ. P. 15. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written

consent or the court's leave" and the "court should freely give leave when justice so requires." Here, Chase consents to Plaintiffs filing a first amended complaint.[1]

ACCORDINGLY, it is hereby ORDERED:

1. The Parties' stipulated motion (Doc. No.7) is GRANTED;

2. Plaintiffs shall file their First Amended Complaint no later than August 4, 2025;

3. Defendant Chase need not file a response to Plaintiffs' Complaint but shall file a response to Plaintiffs' First Amended Complaint within fourteen (14) days after its filing. Fed. R. Civ. P. 15(a)(3).

Dated:  June 30, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant's consent does not eliminate Plaintiffs' right to file an amended complaint under Fed. R. Civ. P. 15(a)(1). *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (holding a "[p]laintiff's 15(a)(2) amendment, filed first in time, cannot be construed as a waiver or exhaustion of his automatic right to amend under 15(a)(1), so long as that amendment was timely." *See also T.T. v. Cnty. of San Diego*, No. 319-CV-00407-AJB-AGS, 2020 WL 516146, at *3 (S.D. Cal. Jan. 31, 2020).